Jeffrey C. SMITH, Plaintiff–Appellant,

v.

Narotam J. PATEL,
Defendant–Appellee.

No. 44A03–9001–CV–10.

Court of Appeals of Indiana,
Third District.

Oct. 17, 1990.

Herbert E. Boase, LaGrange, for plaintiff-appellant.

Richard K. Muntz, Muntz & Vanderbeck, P.C., LaGrange, for defendant-appellee.

GARRARD, Judge.

The Small Claims Division set aside a default judgment entered by it some ten weeks before and the plaintiff, Smith, appeals.

It appears from the record that Smith received a check from UMA Corporation that was twice returned for insufficient funds when he attempted to negotiate it. The check was signed by Narotam J. Patel and no designation appeared indicating that he signed only in a representative capacity. Thus, Smith sued Patel in the Small Claims Division of LaGrange Superior Court.

On July 27, 1989, the day set for trial, Patel did not appear and Smith's attorney secured a default judgment for $2,037.48 plus costs pursuant to IC 28–2–8–1.

On August 11 Smith sought proceedings supplemental and on August 21st Patel appeared by counsel and filed a motion to set aside the default judgment. On October 5, 1989 the court set aside the default judgment, ordered the claim scheduled for trial and granted a pending discovery motion of Smith's. This appeal followed.

The case is governed by the Rules For Small Claims, notably SC 10(B) and (C). Subsection (B) provides that a default may be entered against a defendant who fails to appear, but

Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:

(1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice.

(2) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim.

(3) The plaintiff has a prima facie case.

After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

Subsection (C) then provides that:

Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim....

Other cases have described the liberality to be applied in small claims cases, *Potts v. Castillo* (1984), Ind.App., 460 N.E.2d 996, and the disfavor with which default judgments are to be viewed. *Oler v. Supervised Estate of Huckleberry* (1987), Ind. App., 504 N.E.2d 349. The court's decision on a motion to set aside a default judgment will be reversed only for a clear abuse of discretion. *Potts, supra.*

On appeal Smith contends that the court erred by failing to hold an evidentiary hearing (or require the filing of affidavits) before ruling on Patel's motion, that Patel failed to establish that the judgment was permitted to be taken through mistake, surprise or excusable neglect, and that Patel failed to establish that he had a meritorious defense to the claim. *See Sanders v. Kerwin* (1980), Ind.App., 413 N.E.2d 668.

■ We agree that generally speaking the burden is on the movant to establish his grounds for relief. *Sanders, supra.* Thus, he must ordinarily by affidavit or by introducing evidence at a hearing conducted on his motion establish both a factual basis for his claimed ground for relief *and* establish that he has a meritorious defense. Patel failed to establish factual grounds showing mistake, surprise or excusable neglect or that he had a meritorious defense to the action.

It appears, however, that the reason for this may have occurred because upon the filing of the motion the trial judge recognized that the default judgment had been erroneously granted in the first place and proceeded to set it aside without setting a hearing.

■ As previously noted, SC 10(B) only permits the court to enter a default judgment after assurance that the plaintiff has a prima facie case.

In this claim the affidavit of Smith's attorney was sufficient to establish adequate service of notice and that Patel was not under legal disability. It failed, however, to establish a prima facie case for Smith's recovery. While the check was attached to the claim, no affidavit from Smith or any other competent witness established that the amount thereof was due Smith and unpaid.

Counsel's affidavit urged that to the best of his knowledge the check was unpaid, but presented no basis rendering him competent to testify to such an assertion. The allegation in counsel's affidavit was not evidence of a debt due and unpaid.

Since there was no other evidence to establish the debt, it appears that it was an error of law for the court to have granted the default judgment in any amount. For that reason we cannot say the court's decision to set aside the judgment was clearly an abuse of discretion.

Affirmed.

HOFFMAN, P.J., and ROBERTSON, J., concur.