ALL SEASON EXTERIORS, INC.,
Appellant–Defendant,

v.

Annie M. RANDLE, Appellee–Plaintiff.

No. 20A04–9212–CV–446.

Court of Appeals of Indiana,
Fourth District.

Nov. 30, 1993.

Gregory K. Blanford, South Bend, for appellant-defendant.

Nancy A. McCaslin, James L. McCaslin, McCaslin Smith & LaFountain, Elkhart, for appellee-plaintiff.

CHEZEM, Judge.

### Case Summary

Appellant-defendant, All Seasons Exteriors, Inc. ("All Seasons"), appeals from the trial court's denial of its Motion to Set Aside Default Judgment. We affirm.

### Issue

All Seasons presents one issue for our review: whether the trial court abused its discretion in denying All Seasons' motion to set aside default judgment.

### Facts and Procedural History

On April 30, 1991, Annie M. Randle ("Randle"), entered into a contract with All Seasons to repair her porch roof. The repairs were completed on May 12, 1991; however, the roof continued to leak. During the next four months, Randle contacted All Seasons on five separate occasions concerning the leaky roof. On each occasion, All Seasons attempted to repair the roof, but despite its efforts the roof still leaked.

On October 22, 1991, Randle filed a complaint in small claims court alleging that All Seasons improperly repaired her roof and requested $1,500 in damages. A trial date was set for November 19, 1991, and service was made on All Seasons by the county sheriff. On November 18, 1991, a secretary for All Seasons' counsel contacted the court clerk's office and requested a continuance of the trial date. The clerk granted the continuance[1] and set a trial

---

1. The parties are in dispute, and the record is unclear, as to whether the clerk attempted to grant the continuance subject to All Seasons' notification of Randle, or whether the clerk attempted to grant the continuance and merely requested that All Seasons notify Randle of the change in trial date. Whether notification was or was not a condition precedent to the granting

date for November 26, 1991. However, due to a mix-up in the clerk's office, no notation of All Seasons' motion for continuance or the new trial date was placed in the court's file. On November 19, 1991, Randle appeared for trial; All Seasons did not. The trial court, having no indication of the continuance, heard evidence and entered a default judgment against All Seasons. Randle was awarded $1,500 in damages.

On December 13, 1991, All Seasons filed a motion to set aside default judgment claiming that a continuance had been granted, there had been a mix-up in the clerk's office, and a meritorious defense to Randle's action existed. After a hearing, the trial court denied the motion. On March 19, 1992, All Seasons filed a motion to correct errors alleging the same reasons for vacation of the default judgment. After a hearing, the trial court denied the motion.

*Discussion and Decision*

■ Indiana Small Claims Rule 10(C) provides: "Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim." The party moving to set aside a default judgment has the burden to show that relief should be granted. *Smith v. Patel* (1990), Ind.App., 560 N.E.2d 1260. The movant must establish, by affidavit or evidence introduced at a hearing, the existence of a factual basis for relief and a meritorious defense. *Id.* A factual basis for relief can be either mistake, surprise, or excusable neglect. *Id.* A trial court's decision to grant or deny a motion to set aside a default judgment will be reviewed for an abuse of discretion. *Id.*

■ Indiana Small Claims Rule 9 provides: "Either party may be granted a continuance for good cause shown. Except in unusual circumstances no party shall be allowed more than one continuance in any

case and *all continuances must have the specific approval of the court.*" (emphasis added). This court has previously held that counsel's action of contacting the trial judge's secretary and obtaining her approval of a continuance did not comply with Indiana Rule of Trial Procedure 53.4 [2], and therefore, the defendant's failure to appear for trial did not amount to either surprise, mistake, or excusable neglect warranting relief from default judgment. *In re Marriage of Robbins* (1976), 171 Ind.App. 509, 358 N.E.2d 153. Such is also the case under the Small Claims Rules. The mandate of the rule is clear: continuances must have approval of the trial judge. "[An] attorney is presumed to know the proper procedure for obtaining a continuance of trial." *Id.*, Ind.App. at 514, N.E.2d at 156.

The trial court's decision denying All Seasons' motion to set aside default judgment was not an abuse of discretion.

Affirmed.

SHARPNACK, C.J., and CONOVER, J., concur.

---

of the continuance is not relevant for purposes of our review. All Seasons acted as if the latter were true and attempted to contact Randle, but was unsuccessful.

**2.** Trial Rule 53.4 provides: "Upon motion, trial may be postponed or continued in the discretion of the court, . . ." Trial Rule 53.4 was renumbered Trial Rule 53.5 effective January 1, 1983.