

FILED
Jul 06 2015, 7:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Scott King
Lakeisha Murdaugh
Scott King Group
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Linda Rosenberg,<br>*Appellant*,<br><br>v.<br><br>Kenneth Robinson,<br>*Appellee*. | July 6, 2015<br><br>Court of Appeals Case No. 45A03-1407-SC-262<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Michael N. Pagano, Magistrate<br><br>Cause Nos.: 45D09-1308-SC-1965; 45D09-1308-SC-1966 |

**Brown, Judge.**

[1] Linda Rosenberg appeals from the entry of default judgment under two causes, raising three issues, which we consolidate and restate as whether the trial court erred in denying her motion to set aside default judgment against her and denying her motion to correct error. We reverse and remand.

## Facts and Procedural History

[2] On August 2, 2013, Kenneth Robinson filed two notices of claim against Rosenberg in the small claims court. In his first claim under cause number 45D09-1308-SC-1965 ("Cause No. 1965"), Robinson alleged that, on August 16, 2011, he loaned his "boss $5,000.00 to be repaid to [him] as soon as she transferred money from outside accounts" and that "this money along with $1,000.00 worth of expenditures was never repaid." Appellant's Appendix at 15. In his second claim, under cause number 45D09-1308-SC-1966 ("Cause No. 1966"), Robinson stated that he worked for Rosenberg from February 17, 2011 to August 25, 2011, that "[s]he owes [him] for 3.75 weeks of work," that he was "asking for 3 week[s] to be repaid," and that he "made $2000 per week totaling $6000." *Id.* at 16. The small claims court scheduled a bench trial for October 30, 2013.

[3] Rosenberg's counsel was present at the beginning of the scheduled October 30, 2013 trial, and requested a stay due to an ongoing federal investigation and said that he "believe[d], with . . . some basis, that these complaints are at least a part of the genesis of the federal matter." October 30, 2013 Transcript at 4-5. He stated "we believe, and part of it's based on some correspondence we have, purporting to be from this, uh, plaintiff, that part of the genesis of that may well

be something he expressed on October 5th, 2012, which not casting aspersions, appears to come close to the boarder [sic] line of extortion." *Id.* at 5. When questioned by the court, Robinson stated that he also had a whistle-blower case against Rosenberg in federal court. Robinson further stated: "I was told by my defense lawyer that we can go ahead and anything I say today, of course, can be used against me as perjury in the Federal Court case, but . . . I can go ahead and present my evidence as is." *Id.* at 9. Robinson stated that he had been living in Des Plaines, Illinois, and was in the process of moving to an apartment in New Jersey, and that he worked for Rosenberg from February 17, 2011, through August 25, 2011. The court granted a continuance, rescheduled the matters for January 14, 2014, for a status hearing, said that Robinson could appear by telephone, and that it would hear Rosenberg's counsel on the issue of a stay.

[4] On January 14, 2014, the court held the scheduled hearing at which Robinson appeared telephonically and Rosenberg and her counsel did not appear. The court placed Robinson under oath and then stated "[n]ow, on your first case, under cause number 1965, it's based on a loan; and how much, and it was never repaid. You're owed $6,000. on that, is that correct," and Robinson replied "[t]hat is correct." January 14, 2014 Transcript at 6. The court then asked about the second case and said "[l]ong and the short . . . essentially you want the liquidated damages times three; right," and Robinson said: "No. She owes me three . . . weeks. So, that's $6,000." *Id.* at 6-7. The court entered judgment by default on both claims.

According to entries dated January 17, 2014, in the chronological case summaries for Cause No. 1965 and Cause No. 1966, Rosenberg filed a motion to set aside default judgment stating that her counsel "inadvertently omitted the [January 14, 2014] hearing from his personal calendaring system and that this mistake was compounded when he was in a trial in Marion County at the same time this matter was set for a status hearing."[1] Appellant's Appendix at 21. On January 22, 2014, Rosenberg also filed a motion for stay in both causes requesting an order staying the execution and enforcement of the default judgment until the disposition of the motion to set aside default judgment.[2] In an order dated January 22, 2014, the court granted the motion to stay, noted there was a hearing scheduled for March 20, 2014 on the motion to set aside, and stated that it would require live testimony at that hearing and the parties should be prepared for trial on March 20, 2014, should the court grant Rosenberg's motion to set aside.

On March 20, 2014, the court held the scheduled hearing, and counsel for Rosenberg requested a continuance,[3] stating that she had been unable to contact Rosenberg for about two and one-half weeks and discovered that Rosenberg had been hospitalized. The court asked her if she knew why Rosenberg was in

---

[1] The copy of the motion to set aside default judgment in the appellant's appendix is not file-stamped and does not show that it was served on Robinson.

[2] The copy of the motion for stay does not show that it was served on Robinson.

[3] Small Claims Rule 9(A) provides in part: "Either party may be granted a continuance for good cause shown. Except in unusual circumstances no party shall be allowed more than one (1) continuance in any case, and all continuances must have the specific approval of the court."

the hospital, and counsel answered that Rosenberg had pneumonia and that she had not spoken with her but rather with the medical staff. When asked the status of the federal criminal case, Rosenberg's counsel answered that Rosenberg had pled guilty and was awaiting sentencing. Robinson stated that he was good friends with Rosenberg's niece and nephew and that Rosenberg's niece was present. Rosenberg's niece stated that she had spoken with Rosenberg two days earlier and that "the underlying problem now is pneumonia, but it was a suicide attempt." March 20, 2014 Transcript at 9. The court indicated it was considering granting the motion to continue, and Robinson asked if he would have to fly back for this matter. The court noted that its previous order had stated for everybody to be prepared for trial just in case it granted the motion to set aside default judgment so that there would be one rather than two trips to court, that Robinson could appear by telephone for the hearing on the motion to set aside, and that "trial though is a different matter," that "[i]t's really hard to do a trial over the phone, especially if we're trading documents back and forth," and the court wishes to "see people's body language and their facial expressions . . . ." *Id.* at 15. The court granted Rosenberg's request for a continuance, stated that it would "separate the two issues, the trial and the hearing," scheduled a hearing for June 3, 2014, and indicated Robinson could participate by phone. *Id.* at 19.

[7]     On June 3, 2014, the court held the scheduled hearing at which Robinson appeared telephonically and Rosenberg and her counsel did not appear. At the

hearing, the court denied Rosenberg's motion to set aside default judgment under Cause No. 1965 and Cause No. 1966.

[8] That same day, Rosenberg by counsel filed a motion to reconsider.[4] Rosenberg's motion stated that one of her attorneys was required to be in Merrillville on another matter and that her other attorney was required to be in another court in Lake County on another matter, that due to this conflict counsel was seventeen minutes late for the June 3, 2014 hearing in this case, and that counsel's "legal assistant mistakenly notified Paul Giorgi in Judge George C. Paras' court of the scheduling conflict." Appellant's Appendix at 30. The motion also stated "[t]his court was informed of the schedule conflict and entered a default judgment based on [Rosenberg's] failure to appear" and argued that Robinson should be required to proceed on the merits. *Id.* at 31.

[9] Later that day, the court entered an order denying Rosenberg's motion to reconsider, stating that, after waiting for approximately twenty minutes for Rosenberg and her counsel to arrive for the hearing scheduled for earlier that day, the cases went forward and the court denied Rosenberg's request to set aside. The order also stated that, thereafter, Rosenberg filed a motion to set aside default judgment which the court would treat as a request to reconsider the denial of her motion to set aside. Further, the court noted that Rosenberg's

---

[4] Rosenberg states in her appellant's brief, and the court noted in its order on the motion, that the motion was a motion to reconsider but was erroneously captioned as a motion to set aside default judgment. Again, the motion in the record is not file-stamped and does not show that it was served on Robinson. The copy of the court's ruling on the motion was file-stamped June 3, 2014.

motion said that while the court was informed of defense counsels' scheduled conflicts it entered a default judgment based on Rosenberg's failure to appear. The order stated that this statement was inaccurate on two counts: first, the default judgment was not entered on June 3 but the request to set aside the previously-entered defaults was denied, and second, the court was never contacted by defense counsel regarding scheduling conflicts. The court noted that it had indulged Rosenberg's scheduling and other concerns on several occasions throughout the case and that, given the totality of the circumstances and the procedural history of the case, the court could not permit Rosenberg's conduct to cause yet another delay of the matters. The court denied Rosenberg's motion to reconsider, vacated the stay preventing Robinson's attempts to collect the judgments, and stated that Robinson was permitted to appear by phone at future proceedings.

[10] On July 3, 2014, Rosenberg filed a motion to correct error under Cause No. 1965 and Cause No. 1966 together with a memorandum, her affidavit, and an employee check record. Rosenberg argued that the court erred in denying her motion to set aside the default judgment when her failure to appear was due to a breakdown in communications between legal counsel's staff and courtroom staff, and that she has meritorious defenses to Robinson's claims, specifically, that Robinson was paid all of his earned wages and was never a party to a loan to her. In her affidavit, Rosenberg states that Robinson was her employee from approximately March 2011 through August 2011, with employment ending on or around August 15, 2011, that Robinson's job title was Office Manager, that

his "wages were $2,324.50 bi-weekly," that he "was paid approximately $48,916.50 from March 22, 2011 through September 1, 2011," that he was paid all of his earned wages, and that she "was never a party to a loan by [] Robinson." *Id.* at 39. Rosenberg also attached an employee check record showing Robinson's gross wages, tax withholdings, and net pay from March 22, 2011, through September 1, 2011. The check record shows that Robinson was paid twenty times, with the first payment on March 22, 2011, and the last payment on September 1, 2011, that the payments totaled $49,781.23, and that, according to the dates shown corresponding to the payments, the payments were not made on a regular weekly or bi-weekly basis. Fifteen of the payments were in the amount of $2,324.50, two payments were for $4,000, and there were one-time payments of $1,400, $4,649, and $864.73. The small claims court denied Rosenberg's motion to correct error in both causes.

## *Discussion*

[11] The issue is whether the trial court erred in denying Rosenberg's motion to set aside default judgment. Robinson did not file an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing his arguments, and we apply a less stringent standard of review, that is, we may reverse if the appellant establishes *prima facie* error. *Zoller v. Zoller,* 858 N.E.2d 124, 126 (Ind. Ct. App. 2006). This rule was established so that we might be relieved of the burden of controverting the arguments advanced in favor of reversal where that burden properly rests with the appellee. *Wright v. Wright,*

782 N.E.2d 363, 366 (Ind. Ct. App. 2002).  Questions of law are still reviewed *de novo,* however.  *McClure v. Cooper,* 893 N.E.2d 337, 339 (Ind. Ct. App. 2008).

[12]  Indiana Small Claims Rule 10(C) provides:

> **Setting Aside Default**.  Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim.  Following the expiration of one year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind.R.Tr.P. 60(B).

[13]  The party moving to set aside the judgment has the burden to establish grounds for relief from default, that is, "good cause."  *KOA Properties LLC v. Matheison,* 984 N.E.2d 1255, 1258 (Ind. Ct. App. 2013), *reh'g denied*, *trans. denied*.  In order to obtain relief, the movant must ordinarily establish, by affidavit or introduction of evidence at a hearing, a factual basis for relief and a meritorious defense.  *Id.* (citing *Sears v. Blubaugh*, 613 N.E.2d 468, 469-470 (Ind. Ct. App. 1993), *trans. denied*).  The movant may, however, also meet its burden by showing that the default judgment should not have been granted in the first place.  *Id.*  The court's decision whether to set aside the default judgment is reviewed for an abuse of discretion, which will be found only where the court's action was clearly against the logic and effect of the circumstances or the court misinterpreted the law.  *Id.*

[14]  Default judgments are viewed with disfavor in Indiana and considered extreme remedies which should not be granted when less drastic sanctions would suffice.  *Sears*, 613 N.E.2d at 471.  The policy disfavoring default judgments is

consistent with the goals of the Small Claim Rules to promote access, economy, and informality. *Id.*

[15] Rosenberg maintains in part that the small claims court erred in entering the default judgment because the judgments were not supported by evidence in the record. She argues that, according to Small Claims Rule 10(B), before default judgment is entered, the court must examine that the plaintiff has a *prima facie* case and that, based on the scant evidence in the record, the court could not have found that Robinson satisfied all the necessary elements of his claims. She contends that, according to Robinson's notice of claim the loan was based on an agreement, but the agreement was not a part of the record and it would have been impossible for the court to determine that Robinson had demonstrated a *prima facie* case of breach of contract as the court never reviewed or even had access to the agreement. She also asserts that the court erred in entering default judgment at a status hearing and abused its discretion in denying her motion to set aside default judgment under Trial Rule 60(B)(1).

[16] Indiana Small Claims Rule 10(B) provides:

> **Default**. If the defendant fails to appear at the time and place specified in the notice of claim, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:
>
> > (1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice;

(2)  Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim;

(3)  Either (a) the defendant is not entitled to the protections against default judgments provided by the Servicemembers Civil Relief Act, as amended (the "Act"), 50 U.S.C. appx. § 521, or (b) the plaintiff has filed with the court, subscribed and certified or declared to be true under penalty of perjury, the affidavit required by the Act (i) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (ii) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service; and

(4)  The plaintiff has a prima facie case.

After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

[17]  As noted by Rosenberg, Small Claims Rule 10(B) expressly provides that, before a small claims court may enter default judgment, it "*shall . . .* make inquiry, under oath, of those present so as to assure the court that: . . . (4) The plaintiff has *a prima facie case*." (Emphases added).  The rule also provides that "[*a*]*fter such assurance*, the court may render default judgment . . . ." (Emphasis added).

[18]  In *Smith v. Patel*, Jeffrey Smith received a check from UMA Corporation signed by Narotam Patel that was twice returned for insufficient funds when he attempted to negotiate it.  560 N.E.2d 1260, 1260 (Ind. Ct. App. 1990).  Smith then sued Patel in small claims court, Patel did not appear, and the court entered default judgment in favor of Smith.  *Id.*  Patel later filed a motion to set

aside the default judgment, the court set aside the default judgment, and Smith appealed. *Id.* After setting forth Small Claims Rules 10(B) and (C), this court noted that other cases have described the liberality to be applied in small claims cases and the disfavor with which default judgments are to be viewed. *Id.* at 1261. The court found that, while Patel failed to establish factual grounds showing mistake, surprise or excusable neglect or that he had a meritorious defense to the action, it appeared that the trial judge "recognized that the default judgment had been erroneously granted in the first place . . . ." *Id.* The court observed that Small Claims Rule 10(B) "only permits the court to enter a default judgment after assurance that the plaintiff has a prima facie case." *Id.* The court determined that, "[i]n this claim the affidavit of Smith's attorney was sufficient to establish adequate service of notice and that Patel was not under legal disability. It failed, however, to establish a prima facie case for Smith's recovery." *Id.* In support of this determination, the court observed that, "[w]hile the check was attached to the claim, no affidavit from Smith or any other competent witness established that the amount thereof was due Smith and unpaid," that "[c]ounsel's affidavit urged that to the best of his knowledge the check was unpaid, but presented no basis rendering him competent to testify to such an assertion," and that "[t]he allegation in counsel's affidavit was not evidence of a debt due and unpaid." *Id.* The court then concluded that, "[s]ince there was no other evidence to establish the debt, it appears that it was an error of law for the court to have granted the default judgment in any amount." *Id. See also KOA Properties*, 984 N.E.2d at 1258 ("The movant may,

however, also meet its burden by showing that the default judgment should not have been granted in the first place."); *Sears*, 613 N.E.2d at 470.

[19] In this case, Robinson's claims alleged that Rosenberg did not repay money he had loaned to her and that she did not pay him certain wages to which he was entitled. Robinson did not attach any documentation to his claims or submit evidence to the small claims court prior to the entry of the default judgments. With respect to his allegations under Cause No. 1965 that he loaned Rosenberg $5,000 on August 16, 2011, and the money "along with $1,000.00 worth of expenditures" was never repaid, Appellant's Appendix at 15, Robinson did not attach to his claim or present any evidence that he had given or transferred $5,000 to Rosenberg or that a promise to repay existed, and he did not present any evidence or explanation as to why Rosenberg owed him $1,000 worth of expenditures or show that the amount was based in any way on the alleged failure to repay a loan. In short, there was no evidence to establish the alleged debt, and the evidence failed to establish a *prima facie* case for Robinson's recovery under Cause No. 1965. With respect to his allegation under Cause No. 1966 that he had not been paid for 3.75 weeks of work and that he made $2,000 per week, Robinson did not attach to his claim or present any evidence of his pay rate, the period of days or weeks he had worked for Rosenberg, or a record of his wages received or not received during that period.[5] There was no

---

[5] The employee check record attached to Rosenberg's motion to correct error was not before the trial court when it entered default judgment under the causes. In any event, if Robinson had submitted evidence of the payments he received which were consistent with the employee check record, the evidence would not have

evidence to establish there were unpaid wages as alleged, and the evidence failed to establish a *prima facie* case for Robinson's recovery under Cause No. 1966.

[20] Additionally, we observe that certain statements and orders of the court indicated it would not enter a default at the January 14, 2014 hearing. Specifically, at the October 30, 2013 hearing, the court granted Rosenberg a continuance and stated to Robinson: "I'm going to end up giving you a new court date, and that'll be; the question is whether or not I set it for status or set it for trial. *I'm going to set it for a status hearing*." October 30, 2013 Transcript at 20 (emphasis added). After setting the January 14, 2014 hearing date, the court stated to Rosenberg's counsel: "I strongly suggest you get your client's calendar on our next date because *if* I determine the stay won't be granted, *I'm going to set a trial*, and I, I won't entertain any she needs to be at an education seminar continuance request after that." *Id.* at 23 (emphasis added). At the end of the hearing, the court concluded: "We're coming back *for a status hearing*; *not a trial*. . . . At that point I'll determine whether or not I give you a trial date or whether or not I say this matter's stayed until further notice." *Id.* at 26 (emphasis added). The court's written order on October 30, 2013, stated in part: "Matter

shown a *prima facie* case against Rosenberg with respect to the alleged unpaid wages. Robinson alleged that his employment began on March 17, 2011, and concluded on August 25, 2011, which is twenty-three weeks and one day later, and that he earned $2,000 per week; twenty-three weeks and one day of pay at $2,000 per week equates to approximately $46,400 of wages; and the employee check record shows Robinson was paid wages of $49,781.23. At least in light of the pay rate and period of employment as alleged by Robinson, the payments shown by the employee check record do not appear to support that Rosenberg failed to pay Robinson $6,000 of wages which he had earned.

reset for *status*. . . . [Robinson] may appear by phone at *status hearing*."
Appellant's Appendix at 17-18 (emphases added). These statements by the
court constitute additional grounds that a default judgment should not have
been entered at what was clearly intended and understood to be a status hearing
on January 14, 2014.

## *Conclusion*

[21] We conclude that the small claims court erred in entering default judgment in
favor of Robinson under Cause No. 1965 and Cause No. 1966 without first
making inquiry so as to assure the court that Robinson as the plaintiff had a
*prima facie* case as contemplated by Indiana Small Claims Court 10(B). *See
Smith*, 560 N.E.2d at 1260-1261. Accordingly, Rosenberg has established *prima
facie* error and that she, within one year after the entry of default judgment,
established good cause under Indiana Small Claims Rule 10(C) for the court to
vacate the judgments and reschedule the hearing of the original claims. The
small claims court abused its discretion in denying Rosenberg's motion to set
aside the default judgments and her motion to correct error. We remand with
instructions to vacate the entry of judgment and reschedule the hearing of the
original claims.[6]

---

[6] Although we remand for further proceedings on the bases above, we note that we do not approve of
the failure of Rosenberg and her counsel to appear at the January 14, 2014 hearing or any of the lapses
that subsequently occurred. First, although Rosenberg's counsel was present at the October 30, 2013
hearing and indicated he was available on January 14, 2014, at the scheduled time, he omitted the
January 14, 2014 hearing date from his electronic calendar. Subsequently, after Rosenberg filed a
motion to set aside, the court scheduled a hearing for March 20, 2014, and noted that it would require
live testimony at the hearing. The hearing was moved to June 3, 2014 upon the request of Rosenberg's

Reversed and remanded.

Bailey, J., and Robb, J., concur.

---

counsel. However, on the day of the scheduled hearing, the court waited approximately twenty minutes for Rosenberg and/or any witnesses and her counsel to arrive, and after that only Rosenberg's counsel appeared.