## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 12 2016, 8:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Arlin Douglas Stephens
Speedway, Indiana

Eric C. Bohnet
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Kevin M. Quinn
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Gateway West Townhouse Association, | July 12, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A02-1510-PL-1687 |
| v. | Appeal from the Marion Superior Court |
| George Palmer, | The Honorable Timothy Oakes, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 49D02-1406-PL-18956 |

**Vaidik, Chief Judge.**

# Case Summary

Gateway West Townhouse Association (Gateway) filed a Trial Rule 60(B) motion for relief from judgment claiming it discovered new evidence that would have led to a different result in the trial court's earlier decision to enforce a settlement agreement between Gateway and George Palmer. The trial court denied Gateway's motion. Finding nothing in the record that prevented Gateway from discovering the evidence or presenting the arguments it now claims would have led to a different result in the original proceedings, we affirm the trial court's decision.

# Facts and Procedural History

George Palmer owns a unit in the Gateway West Townhouse community in Indianapolis. In March 2013, Palmer asked Gateway to repair or replace the clay sewer pipe that serves his unit based on his understanding of the community's covenants. Gateway had Advance Septic and Sewer Service prepare an estimate for repairs to Palmer's sewer line on March 16, 2013. Appellant's App. p. 35. But Gateway refused to pay for the repair, claiming that maintenance of utility lines is the individual unit owners' responsibility and that the covenants provide an easement for that purpose.

Palmer filed suit seeking a declaratory judgment that Gateway was obligated to repair and maintain the sewer line. Gateway initiated settlement negotiations in November 2014, proposing to pay for the repair or replacement of Palmer's

sewer line for as long as he owned the unit without admitting any pre-existing obligation. During negotiations, Palmer's attorney sent an email to Gateway's attorney indicating that Palmer also wanted Gateway to reimburse him for $248 he paid to Benjamin Franklin Plumbing in October "to clear his pipes," and clarifying "that [Palmer] and his wife are owners of the condo unit, and that he is not the sole owner." *Id.* at 118. Gateway responded to the email and amended the proposed settlement agreement so that it included Palmer's wife as a co-owner of the unit, required Gateway to pay for repairs as long as the Palmers were co-owners of the unit, and required Gateway to pay for the $248 cleaning. A week later, Gateway abruptly changed its position and "terminate[d] all settlement negotiations in this matter." *Id.* at 137.

[4]     Palmer filed a motion to enforce the unsigned settlement agreement, and, after a hearing, the trial court granted that motion in March 2015. Gateway filed a motion to correct error. The trial court granted the motion in part and issued an amended order enforcing the settlement agreement on May 7, 2015. Gateway did not appeal that order.

[5]     In July, Palmer sent a letter to Gateway requesting payment for the $248 and that Gateway make arrangements to repair and replace his sewer line. Gateway responded by requesting, among other things, a copy of the receipt for the $248 cleaning. Palmer sent Gateway the receipt, which included a charge for a video inspection of his sewer line. Then, in August, Gateway filed a motion for relief from judgment under Trial Rule 60(B). Gateway argued that it would not have agreed to the terms of the settlement agreement if it had known Palmer's wife

was a co-owner at the time of the $248 cleaning, or if Palmer had disclosed the video inspection done with the $248 cleaning that showed the sewer line needed repairs. The trial court denied Gateway's motion without a hearing.

[6] Gateway now appeals.

# Discussion and Decision

[7] Gateway contends that the trial court erred in denying its Trial Rule 60(B) motion for relief from judgment. Generally, we review the denial of a Trial Rule 60(B) motion for an abuse of discretion. *Jahangirizadeh v. Pazouki*, 27 N.E.3d 1178, 1181 (Ind. Ct. App. 2015). However, if a trial court's ruling is strictly based upon a paper record, we will review the ruling de novo. *Id.* The trial court here ruled solely upon a paper record, and so our review is de novo.[1]

[8] A motion for relief from judgment under Rule 60(B) is not a substitute for a direct appeal. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). The movant must establish one of the eight grounds for relief listed in Rule 60(B). *Id.* Rule 60(B)(2) and (3) state the grounds relevant to this appeal. Rule 60(B)(2) provides for relief from judgment based upon newly discovered evidence and requires a showing that "the newly discovered evidence is

---

[1] We also note that Palmer filed an appendix, but not an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing his arguments. *Rosenberg v. Robinson*, 38 N.E.3d 693, 698 (Ind. Ct. App. 2015). We apply a less stringent standard of review. *Id.* We may reverse if the appellant establishes prima facie error. *Id.*

material, is not merely cumulative or impeaching, was not discoverable by due diligence, and would reasonably and probably alter the result." *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 85 (Ind. 2006). And Rule 60(B)(3) provides for relief when a party is prevented from fully and fairly presenting its case because of fraud, misrepresentation, or other misconduct of an adverse party. Ordinarily, relief under Rule 60(B)(3) cannot be predicated on matters or issues which actually were, or which with due diligence could have been, presented and adjudicated in the original proceedings. *State Farm Fire & Cas. Co. v. Radcliff*, 18 N.E.3d 1006, 1014 (Ind. Ct. App. 2014), *trans. denied*.

[9] Here, we need only address Gateway's diligence with respect to the evidence in question. Gateway has not shown that it acted with the diligence required under either Rule 60(B)(2) or (3). First, Palmer's attorney expressly disclosed that Palmer's wife was a co-owner of the unit at the outset of settlement negotiations. Any argument that her co-ownership presented an obstacle to settlement was available to Gateway during negotiations as well as at the time of the hearing to enforce the settlement agreement. Second, Palmer disclosed the $248 cleaning in November 2014, two months before the motion to enforce the settlement agreement was filed and over three months before the hearing on the motion, but Gateway waited until July 2015 to request a copy of the receipt, which listed the video inspection that Gateway now claims is new evidence. Gateway offered no explanation for why it waited so long to request the receipt. Further, Gateway does not cite to the record or any authority to explain why it

believes Palmer had an affirmative duty to separately disclose the video inspection. Moreover, Gateway knew that the sewer line was in need of substantial repairs based on its own inspection that was performed in March 2013—before this lawsuit began. Finally, as to the argument that Gateway was unaware that Palmer's wife was on the deed at the time of the $248 cleaning, that fact was discoverable by examining the receipt and the deed. Gateway's Trial Rule 60(B) motion fails because the evidence it now raises could have been presented during the original proceeding. *See Outback*, 856 N.E.2d at 85; *State Farm*, 18 N.E.3d at 1014.

[10] Nevertheless, Gateway argues extensively in its brief that the settlement agreement should not have been enforced. But Gateway failed to timely appeal the May 7 amended order enforcing the settlement agreement. Thus, it has waived the argument.

[11] Gateway failed to show that evidence of Palmer's wife's co-ownership and the video inspection of the sewer line were not available for its defense against Palmer's motion to enforce the settlement agreement. Therefore, we find no error in the trial court's decision to deny Gateway's Trial Rule 60(B) motion.

[12] Affirmed.

Barnes, J., and Mathias, J., concur.