# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SCOTT A. NORRICK**
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**WESLEY D. SCHROCK**
Anderson, Indiana



FILED

Mar 08 2013, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KOA PROPERTIES, LLC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1207-SC-365 |
| | ) | |
| LAURA MATHEISON, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas L. Clem, Judge
Cause No. 48C05-1112-SC-5577

**March 8, 2013**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

KOA Properties LLC (KOA) appeals the denial of its motion to set aside the default judgment entered against KOA in a small claims action filed by Laura Matheison. KOA presents the following consolidated and restated issues on appeal:

1. Did the small claims court abuse its discretion by appointing appellate counsel for Matheison?

2. Did the small claims court err in denying KOA's motion to set aside the default judgment?

We affirm.

On December 29, 2011, Matheison filed her notice of small claim against "Todd Culp, KOA Properties LLC aka/Woodpoint" regarding a lease she had with KOA. *Appendix* at 23. Todd Culp is the owner and property manager of KOA and KOA's business address is 729 E. Water Street or PO Box 211 in Hartford City, Indiana. Matheison provided both of these addresses on her notice of claim. Certified mail was returned on service of process on January 4, 2012, indicating Culp accepted service at 729 E. Water Street.

The small claims hearing was conducted, as scheduled, on February 3, 2012. Neither Culp nor KOA appeared, and at the conclusion of the hearing, the court entered a default judgment in favor of Matheison in the amount of $4300 plus court costs. The caption on the default judgment listed only Culp as defendant.

On March 5, 2012, Culp filed a motion to vacate the default judgment, asserting lack of notice due to "inadvertence of a mistake." *Id.* at 17. The court held a hearing on the motion on April 23, at which Culp appeared individually and by counsel. In addition to arguing that the certified mailing of the notice was left unopened due to neglect of an

2

employee, Culp noted that he had been improperly named individually in the suit. Recognizing that KOA is an LLC, the court indicated, "you're not personally liable for anything it is your company that's liable." *Transcript* at 12. Accordingly, the court vacated the default judgment as to Culp personally but refused to set aside the judgment as to KOA because KOA had not shown that it had a "good and valid defense." *Id*. The court, therefore, amended the original default judgment by changing the caption to KOA Properties LLC as the defendant, instead of Todd Culp. The court also entered a separate order that provided: "Judgment as to Todd Culp set aside as to KOA Properties LLC remains in full force." *Appendix* at 15.

Thereafter, on May 11, KOA filed a motion to vacate default judgment in which it argued that the small claims court lacked personal jurisdiction because KOA had never been served with process. KOA claimed Culp was the only defendant named in the notice of claim and was the only party served. Following another hearing on June 18, the court denied KOA's motion. KOA then timely filed its notice of appeal.

In light of the pending appeal, the small claims court sua sponte set a hearing to determine whether Matheison needed the court to appoint appellate counsel. KOA filed a written objection thereto because Matheison had "never filed a formal request for appointment of counsel based upon indigency" as required by Ind. Code Ann. § 34-10-1-2 (West, Westlaw current through 2012 2nd Reg. Sess.). *Appendix* at 32. The court conducted the hearing on August 16, at which the court inquired of Matheison's financial position and ability to hire an attorney. Matheison detailed her income and expenses and indicated that

3

she could not afford an attorney, though she acknowledged that she had not looked into hiring one for the appeal. After the court detailed the dangers of proceeding pro se on appeal, Matheison indicated that she would like to have appointed counsel if the court found it appropriate. The court appointed counsel for Matheison for purposes of the instant appeal. KOA appeals this appointment along with the denial of its motion to set aside the default judgment entered against KOA.

1.

We briefly address KOA's argument that Matheison's appellate brief should be stricken because the small claims court abused its discretion by appointing appellate counsel for her. KOA contends that the appointment was in derogation of I.C. § 34-10-1-2[1] because Matheison made no application prior to the hearing for appointment of counsel and had made no effort to obtain an attorney on her own.

---

[1] I.C. § 34-10-1-2 provides in relevant part as follows:

> (b) If the court is satisfied that a person who makes an application described in section 1 of this chapter does not have sufficient means to prosecute or defend the action, the court:
> > (1) shall admit the applicant to prosecute or defend as an indigent person; and
> > (2) may, under exceptional circumstances, assign an attorney to defend or prosecute the cause.
> (c) The factors that a court may consider under subsection (b)(2) include the following:
> > (1) The likelihood of the applicant prevailing on the merits of the applicant's claim or defense.
> > (2) The applicant's ability to investigate and present the applicant's claims or defenses without an attorney, given the type and complexity of the facts and legal issues in the action.
> (d) The court shall deny an application made under section 1 of this chapter if the court determines any of the following:
> > (1) The applicant failed to make a diligent effort to obtain an attorney before filing the application.
> > (2) The applicant is unlikely to prevail on the applicant's claim or defense.
> > * * *

Our Supreme Court has explained that this is the statutory procedure for trial courts to use to "determine when counsel *must* be appointed". *Sholes v. Sholes,* 760 N.E.2d 156, 160 (Ind. 2001) (emphasis supplied).

We summarily reject KOA's suggestion that our small claims courts cannot sua sponte set a hearing to determine the propriety of appointing counsel for a small claims litigant who is faced with the daunting task of moving from the informal small claims forum to the complexities of appellate law. Here, the court held a hearing to address whether Matheison had sufficient means to defend the appeal. This hearing was informal, of course, but that is in the nature of all small claims proceedings. *See* Ind. Small Claims Rule 8 (addressing informality of hearing).

As recognized below by the small claims court, Rule 2.2 of our Code of Judicial Conduct provides: "A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially." Comment 4 to this rule explains further: "It is not a violation of this Rule for a judge to make reasonable accommodations to ensure pro se litigants the opportunity to have their matters fairly heard." This was precisely the course taken by the small claims court, which acted within its discretion by appointing appellate counsel.

Finally, we are compelled to observe the obvious fact that KOA suffered no cognizable harm by the appointment of counsel. This equitable action by the court simply allowed KOA's opponent to be fairly heard on appeal.

2.

We now turn to KOA's claim that the trial court erred by denying KOA's motion to set aside the default judgment. In this regard, KOA makes two arguments. First, KOA asserts that Matheison failed to present prima facie evidence at the default hearing. Second,

5

KOA claims it was never served with the small claim notice and, thus, the court did not have personal jurisdiction over KOA.

Indiana Small Claims Rule 10(C) provides in part: "Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim." The party moving to set aside the judgment has the burden to establish grounds for relief from default (i.e., "good cause"). *All Season Exteriors, Inc. v. Randle*, 624 N.E.2d 484 (Ind. Ct. App. 1993). In order to obtain relief, the movant must ordinarily establish, by affidavit or introduction of evidence at a hearing, a factual basis for relief and a meritorious defense. *Sears v. Blubaugh*, 613 N.E.2d 468 (Ind. Ct. App. 1993), *trans. denied*. The movant may, however, also meet its burden by showing that the default judgment should not have been granted in the first place. Ultimately, the court's decision whether to set aside the default judgment is reviewed for an abuse of discretion, which will be found only where the court's action was clearly against the logic and effect of the circumstances or the court misinterpreted the law. *King v. United Leasing, Inc.*, 765 N.E.2d 1287 (Ind. Ct. App. 2002).

With regard to KOA's claim on appeal that the default judgment was improper because Matheison failed to establish a prima facie case for recovery, we observe that KOA did not raise this ground for relief below. "An appellant who presents an issue for the first time on appeal under these circumstances waives the issue for purposes of appellate review." *Breneman v. Slusher*, 768 N.E.2d 451, 463 (Ind. Ct. App. 2002), *trans. denied*. Therefore, we find the issue waived.

6

The entire thrust of KOA's argument below was that the small claims court did not have personal jurisdiction over KOA because KOA was not listed as a separate party defendant on the notice of claim and KOA was not separately served with the notice. In other words, KOA claims that "the only party served with claim notice was then Defendant Todd Culp, and there was never a return on service for Defendant KOA Properties." *Appellant's Brief* at 11.

Indiana Small Claims Rule 3(A) provides in part: "A copy of the notice of claim shall be served upon each defendant. Service may be made by sending a copy by certified mail with return receipt requested…." Here, the notice of claim listed the defendant as: "Todd Culp, KOA Properties LLC aka/Woodpoint". *Appendix* at 23. The notice was served by certified mail at the address listed on the notice of claim. Culp signed for the certified mail, which was addressed to "Todd Culp (KOA Properties LLC)". *Id*. at 25.

We do not dispute the fact that Culp and KOA Properties LLC are two separate legal entities under the law. In the context of this small claims proceeding, however, we agree with the trial court that the notice of claim clearly included KOA as a party defendant. To be sure, the address listed on the notice of claim and to which the certified mailing was sent was KOA's address, and Culp was the acknowledged owner and property manager of KOA.

KOA relies upon *Idlewine v. Madison Cnty. Bank & Trust Co*., 439 N.E.2d 1198 (Ind. Ct. App. 1982), for the proposition that separate service was required on KOA and Culp. In that case, there was an attempt to serve a husband and wife with a single copy of a summons directed to both. The husband received personal service of the summons and neglected to

7

inform the wife that this had occurred. A default judgment was entered against both defendants. This court set aside the judgment against the wife, stating "[o]ne copy of a joint summons delivered to a residence where two parties to the suit reside does not constitute proper service." *Id*. at 1201. Moreover, we explained that even assuming an implied agency, "there remains the insurmountable problem only one summons was served upon [husband]" and, thus, he was unable to give wife a copy of the summons and complaint. *Id*. at 1202.

Aside from the fact that *Idlewine* did not involve a small claims action, we observe that separate service upon both legal entities in the instant case would have been sent not only to the same address but would have been directed to the same person, Todd Culp – the owner and property manager of KOA. *See generally* Ind. Trial Rule 4.6 (service upon organizations). We cannot agree with KOA that when Culp accepted the certified mailing addressed to "Todd Culp (KOA Properties LLC)" at KOA's business address there was a total failure to serve process on KOA. Unlike the wife in *Idlewine*, KOA was provided with service reasonably calculated to inform KOA that a small claims action had been instituted against it. *See Idlewine v. Madison Cnty. Bank & Trust Co.*, 439 N.E.2d 1198; Ind. Trial Rule 4.15(F) (savings provision for technical defects in summons or service).[2]

KOA has failed to establish that the trial court abused its discretion by denying KOA's motion to set aside the default judgment based upon lack of personal jurisdiction.

Judgment affirmed.

---

[2] KOA asserts that even if personal jurisdiction exists, the default judgment was improper due to principles of respondeat superior. This imprecise argument was not raised below and is waived. Moreover, the argument ignores the fact that the judgment against Culp was set aside solely because he could not be held personally liable in the contract dispute since his company, KOA, was an LLC.

NAJAM, J., and BRADFORD, J., concur.