## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 19 2018, 7:30 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Christina Lyons
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

J.F. Beatty
Kathryn Merritt-Thrasher
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Christina Lyons,

*Appellant-Defendant,*

v.

Gene B. Glick Company, Inc. as Managing Agent for Woodbridge of Bloomington,

*Appellee-Plaintiff.*

December 19, 2018

Court of Appeals Case No. 18A-SC-486

Appeal from the Monroe Circuit Court

The Honorable Valeri Haughton, Judge

Trial Court Cause No. 53C08-1711-SC-2388

**Tavitas, Judge.**

# Case Summary

Christina Lyons, pro se, appeals the small claims court's order evicting her from property managed by Gene B. Glick Company, Inc., as managing agent for Woodbridge of Bloomington ("Glick"). We affirm.

# Issues

Although Lyons raises numerous issues, we address only the following:

I.    Whether the small claims court had jurisdiction to consider Glick's eviction claim.

II.   Whether the small claims court erred by denying a motion to continue filed by Lyons' counsel regarding the January 24th hearing.

III.  Whether the small claims court properly granted Glick's eviction request.

IV.   Whether the small claims court committed judicial misconduct.

# Facts

Lyons and Glick entered into a Model Lease for Subsidized Programs ("Lease") for Lyons to rent an apartment in the Woodbridge of Bloomington apartment complex beginning on July 25, 2015. The Lease provided that Glick could terminate the Lease for "the Tenant's material noncompliance with the terms of this Agreement." Appellee's App. Vol. II p. 9. The term "material noncompliance" included "repeated minor violations of the lease that (a) disrupt the livability of the project; (b) adversely affect the health or safety of

any person or the right of any tenant to the quiet enjoyment to the leased premises and related project facilities; (c) interfere with the management of the project; or (d) have an adverse financial effect on the project . . . ." *Id.* at 10. The Resident Information Handbook provided: "The owner/agent and/or property staff reserves the right to refuse to conduct business with anyone who is verbally abusive, swears, is disrespectful, makes threats, uses discriminatory language, appears to be intoxicated or under the influence of alcohol or drugs or is argumentative." *Id.* at 21. The Handbook also provided that "[a]ny three lease violations within a twelve (12) month period could be cause for termination of tenancy." *Id.* at 22.

[4] Between January and May 2017, Lyons made multiple calls to law enforcement accusing her downstairs neighbor of noise violations. All of the complaints were unsubstantiated. In August 2017, a new tenant moved into the downstairs apartment. Lyons then made multiple unfounded complaints to law enforcement regarding the new neighbors.

[5] On October 18, 2017, a pregnant staff member complained that Lyons repeatedly told the staff member that she was "huge," "very large," and "giant" and that Lyons mentioned the staff member's "significant weight gain" due to her first pregnancy. *Id.* at 47. The staff member complained that she did not feel comfortable working in the office "with the knowledge that [Lyons'] behavior is continually allowed." *Id.* Glick sent Lyons a violation notice noting that she had been argumentative with staff members and cursed at them.

[6] On October 20, 2017, a resident complained that Lyons had been yelling for hours. A staff member stood in the "common hallway" and could hear Lyons "yelling continuously about 'sluts and whores.'" *Id.* at 48. Lyons' yelling was "so loud [the staff member] was able to hear it from the sidewalk." *Id.* The staff member asked law enforcement to do a welfare check on Lyons. Lyons, however, was hostile to the officers and refused medical treatment. On October 23, 2017, Glick notified Lyons that she had violated the Lease provisions for the third time within twelve months and that her Lease was being terminated effective November 22, 2017. Lyons, however, did not vacate the apartment.

[7] On November 28, 2017, Glick's contractors were attempting to install new windows. The contractor complained that Lyons was banging her cane on the floor in a "very violent way" and was "screaming obscenities and threatening police action." Tr. Vol. II p. 16. The contractor was afraid that Lyons would use her cane as a weapon. On the same day, Lyons called the police again regarding her downstairs neighbor.

[8] On January 10, 2018, Lyons prevented a maintenance technician from performing work at a neighbor's apartment even though he had permission to do so. On January 19, 2018, Lyons' downstairs neighbor complained that Lyons was taking photos and videos of her family and banging items on the neighbor's ceiling, which is Lyons' floor.

[9] Glick filed a small claims court action for eviction of Lyons from the apartment. Glick alleged: "Material non-compliance; Defendant is in violation

of paragraph 23(c)(1) of her lease which states she shall not disrupt the livability of the project; adversely affect other tenants' right to quiet enjoyment of the leased premises; or interfere with the management of the project." Appellant's App. Vol. II p. 7. The small claims court scheduled a hearing for January 12, 2018, at 9:00 a.m.

[10] Lyons filed a pro se motion for continuance on January 6, 2018. The small claims court denied Lyons' motion and stated in its order: "Defendant may contact the attorney for the Plaintiff as to whether there is an objection to said request." *Id.* at 10. On January 11, 2018, Lyons' counsel filed a notice of contested hearing and motion to continue. The motion stated that "this matter will require a Contested Hearing" and requested a continuance "for another date when all the issues may be presented to the Court." *Id.* at 11. Her counsel estimated "that this matter will take no more than two hours of the Court's time." *Id.* The trial court granted the motion and reset the matter for January 24, 2018, at 3:00 p.m. On January 24, 2018, less than one hour before the hearing, Lyons' counsel filed a motion to continue the hearing, which the small claims court denied.

[11] At the hearing, Glick's representative testified that Lyons' behavior had significantly disturbed the peace of the other tenants, affected the livability of the project, and interfered with the management of the project. Lyons also testified regarding the events. At the end of the hearing, the small claims court noted that it would be granting the eviction request. The small claims court, however, expressed concern regarding Lyons' mental health, ordered a "72

hour hold" for an evaluation, and contacted Adult Protective Services. Tr. Vol. II p. 72. Glick did not request that the small claims court schedule a damages hearing.

[12] The small claims court entered an order "find[ing] for Plaintiff(s)" and ordering Lyons to vacate the premises by February 9, 2018. The small claims court also issued a transport order, which provided:

> The Court having reasonable grounds to believe Christina Lyons has a mental illness, is gravely disabled and is in immediate need of hospitalization and treatment, hereby ORDERS Bloomington Police Department to transport Christina Lyons to the nearest appropriate facility for a preliminary medical and psychological evaluation pursuant to Indiana Code 12-26-4-1.5. The nearest appropriate facility is Bloomington Hospital/IU Health.

Appellant's App. Vol. II p. 27. Lyons now appeals.

## Analysis

[13] Lyons appeals the small claims court's eviction order. In the appellate review of claims tried by the bench without a jury, the reviewing court shall not set aside the judgment "unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Ind. Trial Rule 52(A); *Scott-LaRosa v. Lewis*, 44 N.E.3d 89, 93 (Ind. Ct. App. 2015). In determining whether a judgment is clearly erroneous, we do not reweigh the evidence or determine the credibility of witnesses. *Scott-LaRosa*, 44 N.E.3d at 93. We consider only the evidence that supports the judgment and the reasonable inferences to be drawn from that evidence. *Id.* A judgment in favor

of a party having the burden of proof will be affirmed if the evidence was such that from it a reasonable trier of fact could conclude that the elements of the party's claim were established by a preponderance of evidence. *Id.* This deferential standard of review is particularly important in small claims actions, where trials are "informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law." Ind. Small Claims Rule 8(A); *Scott-LaRosa*, 44 N.E.3d at 93.

[14] We begin by noting that Lyons proceeds pro se. "[A] pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "An appellant who proceeds pro se is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 136 S. Ct. 227 (2015). Although we prefer to decide cases on their merits, arguments are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.*

[15] Indiana Appellate Rule 46(A)(8)(a) requires that the argument section of a brief "contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." We will not consider an assertion on appeal when there is no cogent

argument supported by authority and there are no references to the record as required by the rules. *Id.* We will not become an advocate for a party or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id.*

[16] We also note that "[a]n appellant who presents an issue for the first time on appeal under these circumstances waives the issue for purposes of appellate review." *KOA Properties LLC v. Matheison*, 984 N.E.2d 1255, 1258 (Ind. Ct. App. 2013), *trans. denied*. The majority of the issues raised by Lyons on appeal were not presented to the small claims court. For example, Lyons argues on appeal that: (1) the small claims court engaged in ex parte communications[1] with Glick, which allowed Glick to gain "procedural, substantive, and tactical advantage over Lyons"; (2) the small claims court should have granted Lyons' pro se motion to continue the January 12th hearing; (3) the small claims court should have denied a motion to continue filed by Lyons' counsel regarding the same January 12th hearing; (4) the small claims court should have addressed Lyons' counsel's "limited representation" and "attorney misconduct and the undisclosed scope of Limited Appearance"; (5) the small claims court failed to conduct an initial hearing; (6) Lyons had no time to subpoena witnesses; (7) Glick "did not present witnesses for examination under oath for verification of

---

[1] Lyons bases this argument solely on the small claims court's order, which provided: "Defendant may contact the attorney for the Plaintiff as to whether there is an objection to said request." Appellant's App. Vol. II p. 10. We do not take this language as an indication that the small claims court had ex parte communications with Glick's attorney.

written statements made and used as evidence against Lyons"; (8) the small claims court failed to "ensure and protect Lyons' right to discovery"; (9) the small claims court failed to set the matter for trial; (10) the small claims court failed to consider "numerous files containing document and photographic evidence" that were in Lyons' possession at the January 24th hearing; and (11) the small claims court did not allow enough time for Lyons to present evidence, witnesses, or additional rebuttal testimony. Appellant's Br. pp. 11, 12, 19, 21. Because these issues were not raised to the small claims court or are not presented in a cogent manner, we conclude that the issues are waived.

## I. Jurisdiction

[17] Lyons argues that the small claims court did not have appropriate "venue" or "jurisdiction" over this matter. Appellant's Br. p. 27. In her appellant's brief, Lyons contends that the "complexity of this case . . . suggests the case is outside the jurisdiction of a Small Claims proceeding." *Id.* In her reply brief, Lyons argues that the "value of the real estate property" exceeded the $6,000 "monetary limit of small claims court jurisdiction." Appellant's Reply Br. p. 6.

[18] Despite Lyons' reference to "venue," we presume that Lyons is referring to subject matter jurisdiction. Our supreme court has clarified that "'[t]he question of subject matter jurisdiction entails a determination of whether a court has jurisdiction over the general class of actions to which a particular case belongs.'" *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006) (quoting *Troxel v. Troxel*, 737 N.E.2d 745, 749 (Ind. 2000)). "A tribunal receives subject matter jurisdiction over a class of cases only from the constitution or from statutes."

*Georgetown Bd. of Zoning Appeals v. Keele*, 743 N.E.2d 301, 303 (Ind. Ct. App. 2001). "A party can never waive the issue of subject matter jurisdiction." *Id.* "When a court lacks subject matter jurisdiction, its actions are *void ab initio* and have no effect whatsoever." *In re Adoption of L.T.*, 9 N.E.3d 172, 175 (Ind. Ct. App. 2014).

[19] Indiana Code Section 33-29-2-4(b) provides: "The small claims docket has jurisdiction over the following: . . . (2) Possessory actions between landlord and tenant in which the rent due at the time the action is filed does not exceed six thousand dollars ($6,000)." This action is a possessory action between a landlord and a tenant, and the rent due at the time of the action did not exceed $6,000. Consequently, the small claims court had subject matter jurisdiction over the matter.

## II. Motion to Continue

[20] Lyons argues that the small claims court should have granted a motion to continue filed by Lyons' counsel regarding the January 24th hearing. We review the grant or denial of a motion for continuance for an abuse of discretion. *Destination Yachts, Inc. v. Fine*, 22 N.E.3d 611, 616 (Ind. Ct. App. 2014). A trial court abuses its discretion when it reaches a conclusion that is clearly against the logic and effect of the facts or the reasonable and probable deductions which may be drawn therefrom. *F.M. v. N.B.*, 979 N.E.2d 1036, 1039 (Ind. Ct. App. 2012).

[21] Indiana Small Claims Court Rule 9(A) provides:

Either party may be granted a continuance for good cause shown. Except in unusual circumstances no party shall be allowed more than one (1) continuance in any case, and all continuances must have the specific approval of the court. Continuances shall be for as short a period as possible, and where feasible the party not requesting the continuance shall be considered in scheduling a new hearing date. The court shall give notice of the continuance and the new date and time of trial to all parties.

[22] The Monroe County Small Claims Court Rule 703 further provides:

A. Written Motion Required. Continuances may be granted only upon good cause shown in a written motion signed by the moving party. A copy of motion must be mailed or delivered to the opposing party by the party requesting the continuance.

B. Advance Notice. A continuance will not be granted within 72 hours of the trial unless the opposing party agrees to the continuance or the judge determines a continuance is necessary.

LR53-SC00-0703.

[23] Lyons' counsel filed a motion to continue less than one hour before the hearing was scheduled to begin. The motion to continue, thus, was not timely. Moreover, the basis of the motion to continue was that the parties had "agreed to Request a Reasonable Accommodation." Appellant's App. Vol. II p. 23. There was no evidence presented at the hearing of such an agreement and no

evidence that Glick had agreed to such a continuance.[2]  Under these circumstances, we cannot say that the small claims court abused its discretion by denying the motion for a continuance.

### III. Eviction

Lyons argues that the small claims court erred by ordering her eviction.  "A lease is construed in the same manner as any other contract."  *Stout v. Kokomo Manor Apartments*, 677 N.E.2d 1060, 1064 (Ind. Ct. App. 1997).  We will "give effect to the parties' intent as shown by their written expression in the lease." *Id.*  We will read the lease as a whole to ascertain its intended meaning.  *Id.*  We give the words of the lease their ordinary and common meaning unless a different meaning is clear from the subject matter of the lease.  *Id.*

"Where the terms of a contract are clear and unambiguous, the terms are conclusive and we will not construe the contract, or look at extrinsic evidence, but will merely apply the contract provisions."  *Id.*  A contract is not ambiguous merely because the parties espouse differing interpretations of the terms.  *Id.*  A contract is ambiguous only if reasonable people reading the contract would differ as to the meaning of the terms.  *Id.*

The Lease at issue here provided that Glick could terminate the Lease for "the Tenant's material noncompliance with the terms of this Agreement."

---

[2] In fact, Lyons states in her Appellant's Brief that she "did not direct, consent to the negotiations of, and did not agree to a Reasonable Accommodation agreement as a means of resolving the issues of dispute." Appellant's Br. p. 17.

Appellee's App. Vol. II p. 9. The term "material noncompliance" included "repeated minor violations of the lease that (a) disrupt the livability of the project; (b) adversely affect the health or safety of any person or the right of any tenant to the quiet enjoyment to the leased premises and related project facilities; (c) interfere with the management of the project; or (d) have an adverse financial effect on the project . . . ." *Id.* at 10. The Resident Information Handbook provided: "The owner/agent and/or property staff reserves the right to refuse to conduct business with anyone who is verbally abusive, swears, is disrespectful, makes threats, uses discriminatory language, appears to be intoxicated or under the influence of alcohol or drugs or is argumentative." *Id.* at 21. The Handbook also provided that "[a]ny three lease violations within a twelve (12) month period could be cause for termination of tenancy." *Id.* at 22.

[27] As Glick points out, the record is replete with evidence that Lyons repeatedly violated the terms of the Lease with her numerous unfounded complaints to law enforcement regarding her neighbors and numerous verbal assaults on the property staff. Glick provided evidence that Lyons was in material noncompliance with the terms of the Lease.

[28] Despite this evidence, Lyons argues that Glick failed to comply with federal regulations in terminating her Lease. Lyons argues that she was "an otherwise qualified individual with a handicap who [the small claims court] denied benefits of a program receiving Federal Funded Assistance from HUD, and

subjected Lyons to discrimination based solely by reason of handicap."
Appellant's Br. p. 7.

[29]     In support of her arguments, Lyons relies only on Housing and Urban Development regulations, which prohibit discrimination against qualified individuals with handicaps. 24 C.F.R. § 8.4. Lyons, however, makes no cogent argument that she is a qualified individual with a handicap, and she presented no such evidence to the small claims court. Those regulations further allow the termination of a tenancy in "a subsidized project" for "[m]aterial noncompliance with the rental agreement." 24 C.F.R. § 247.3. As in the Lease, material noncompliance with the rental agreement includes:

> Repeated minor violations of the rental agreement that:
>
> (i) Disrupt the livability of the project,
>
> (ii) Adversely affect the health or safety of any person or the right of any tenant to the quiet enjoyment of the leased premises and related project facilities,
>
> (iii) Interfere with the management of the project, or
>
> (iv) Have an adverse financial effect on the project;

24 C.F.R. § 247.3(c)(2). As previously noted, Glick presented substantial evidence that Lyons materially violated the Lease. Under these circumstances, the small claims court's judgment for Glick was not clearly erroneous.

## IV. Judicial Misconduct

[30]     Finally, Lyons seems to argue that the small claims court committed judicial misconduct by: (1) attempting to complete the hearing within the scheduled time; (2) allowing Lyons' counsel to finish his questioning of Lyons after she said that she was not feeling well; and (3) ordering Lyons transported to the hospital.

[31]     In support of her argument, Lyons cites Indiana Judicial Conduct Rule 2.3, which provides, in part:

> (A) A judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.
>
> (B) A judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.

[32]     The law presumes a judge is unbiased. *Dan Cristiani Excavating Co. v. Money*, 941 N.E.2d 1072, 1082 (Ind. Ct. App. 2011). "To overcome this presumption, a party must establish 'actual personal bias.'" *Id.* (quoting *Moore v. Liggins*, 685 N.E.2d 57, 63 (Ind. Ct. App. 1997)). A party alleging judicial bias must demonstrate that the trial judge's action and demeanor crossed the barrier of

impartiality and prejudiced the party's case. *Id.* Adverse rulings alone are insufficient to show bias or prejudice. *Id.*

[33] Our review of the record reveals no harassment or intimidation of Lyons by the small claims court. Rather, Lyons had requested two hours be set aside for the hearing, and the small claims court subsequently scheduled the hearing for two hours. The small claims court was properly and politely attempting to complete the hearing within the allotted time. After Lyons complained that she was not feeling well, Lyons' counsel quickly finalized his direct examination of her, and Glick's counsel did not ask Lyons any questions on cross-examination. Lyons' counsel did not request that the hearing be completed at a later date and did not indicate that he had further evidence to present.

[34] At the end of the hearing, the small claims court expressed concern regarding Lyons' mental health and well-being, ordered a "72 hour hold" for an evaluation, and contacted Adult Protective Services to assist Lyons. Tr. Vol. II p. 72. The small claims court also issued a transport order, which provided:

> The Court having reasonable grounds to believe Christina Lyons has a mental illness, is gravely disabled and is in immediate need of hospitalization and treatment, hereby ORDERS Bloomington Police Department to transport Christina Lyons to the nearest appropriate facility for a preliminary medical and psychological evaluation pursuant to Indiana Code 12-26-4-1.5. The nearest appropriate facility is Bloomington Hospital/IU Health.

Appellant's App. Vol. II p. 27.

[35] Lyons does not appear to challenge the sufficiency of the evidence to support an evaluation under Indiana Code Section 12-26-4-1.5.[3] Rather, she raises the issue only in the context of judicial misconduct in the eviction proceedings. We note that Lyons' counsel did not object to the small claims court's order during the hearing. Lyons contends that she was evaluated by medical personnel and "was not found to have a mental illness." Appellant's Br. p. 26. We find, however, no basis for a finding of bias, harassment, or misconduct simply because the small claims court was concerned for Lyons' well-being and believed that transport under Indiana Code Section 12-26-4-1.5 was warranted. We cannot say that the small claims court's actions "crossed the barrier of impartiality and prejudiced [Lyons'] case." *Dan Cristiani Excavating Co.*, 941 N.E.2d at 1082.

## Conclusion

[36] The small claims court had jurisdiction over the eviction proceedings. The small claims court did not abuse its discretion by denying Lyons' motion to

---

[3] Indiana Code Section 12-26-4-1.5 provides:

> If a court has reasonable grounds to believe that an individual:
>
> (1) has a mental illness;
>
> (2) is either dangerous or gravely disabled; and
>
> (3) is in immediate need of hospitalization and treatment;
>
> the court may order a law enforcement officer to transport the individual to the nearest appropriate facility for a preliminary medical and psychological evaluation. The individual may not be transported to a state institution.

continue the hearing. Further, the small claims court's judgment in favor of Glick is not clearly erroneous, and we find no judicial misconduct. We affirm.

[37] Affirmed.

Brown, J., and Altice, J., concur.