## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 18 2020, 8:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY PRO SE

Megan Bowlds
Tell City, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Megan Bowlds, | August 18, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A-SC-409 |
| v. | Appeal from the Perry Circuit Court |
| Timothy E. Neyenhaus, | The Honorable Karen A. Werner, Magistrate |
| *Appellee-Plaintiff.* | Trial Court Cause No. 62C01-1806-SC-187 62C01-1810-SC-412 |

**Tavitas, Judge.**

# Case Summary

Megan Bowlds appeals the small claims court's judgments for Timothy Neyenhaus in Cause No. 62C01-1806-SC-187 ("Cause 187") and Cause No. 62C01-1810-SC-412 ("Cause 412"). We affirm in part, reverse in part, and remand.

# Issues

Bowlds raises several issues, which we consolidate and restate as whether the small claims court erred by entering default judgments and denying Bowlds' motions to set aside the default judgments.

# Facts

Bowlds leased a residential property in Tell City from Neyenhaus on March 26, 2018. On June 7, 2018, Neyenhaus filed a small claims court notice of claim and eviction request in Cause 187. Neyenhaus alleged that Bowlds had violated "a no pet contract by bringing cats on the property as well as letting them reside in [the] home . . . ." Appellant's App. Vol. IV p. 2. Neyenhaus also alleged that Bowlds owed $1,872.36 plus court costs for late fees, utilities, and July rent.

The small claims court scheduled a hearing for July 12, 2018. Bowlds failed to appear for the hearing, and the small claims court entered a default judgment against Bowlds in the amount of $1,872.36 plus court costs. The small claims

court ordered Bowlds to vacate the property by July 22, 2018, and scheduled a proceedings supplemental hearing.[1]

[5] On October 8, 2018, in Cause 412, Neyenhaus filed another small claims court notice of claim. Neyenhaus alleged that Bowlds owed $2,652.71 in "rent, late fees, utilities, and damages." *Id.* at 6. The small claims court set the matter for a hearing. At Bowlds' request, however, Cause 187 and Cause 412 were "combined," and the proceeding supplemental hearing in Cause 187 was rescheduled and consolidated with the hearing in Cause 412. Appellant's App. Vol. II p. 10. At that hearing in April 2019, Bowlds entered a denial with respect to Cause 412, and the small claims court set the matter for a bench trial.

[6] On May 14, 2019, Bowlds filed a motion to set aside the default judgment. In the motion, Bowlds noted that Neyenhaus "filed a second case, under [Cause 412], which is based upon the same lease and facts as the original case, [Cause 187,] for the same debts . . . creating substantial confusion among the parties as to the subject matter and nature of any scheduled proceedings and adversely affecting their rights of due process." Appellant's App. Vol. IV p. 11. The small claims court set all pending motions in both cases for hearing on July 23, 2019. On the day of the hearing, the small claims court rescheduled the hearing for August 20, 2019, and notified Bowlds "of [the] reset court date and time, in person by court staff." Appellant's App. Vol. II p. 6.

---

[1] This hearing was continued numerous times.

[7] At the August 20, 2019 hearing, however, Bowlds failed to appear, and the small claims court denied Bowlds' motion to set aside the default judgment in Cause 187 due to her failure to appear. In Cause 412, the small claims court entered a default judgment against Bowlds in the amount of $2,652.71.

[8] The small claims court held a proceedings supplemental hearing on October 1, 2019. Bowlds appeared and "state[d] that she has no plans to pay [the] judgment." *Id.* at 7. The small claims court advised her that "the Judgment has been made" and that the "hearing [was] for the purpose of setting a payment arrangement." *Id.* Bowlds requested additional time to obtain an attorney.

[9] On December 30, 2019, Bowlds filed a motion to set aside or vacate the judgment in Cause 412. Bowlds alleged that: (1) court staff informed her that the hearing was set for 2:00 p.m. on August 20, 2019, when it was set for 1:30 p.m., and Bowlds arrived late; (2) Neyenhaus failed to comply with the statutory provisions regarding the return of deposits; (3) Bowlds had counterclaims against Neyenhaus; (4) Neyenhaus was claiming the same debts in Cause 412 that he was awarded in Cause 187; and (5) the interests of equity were served by setting aside the default judgment. On January 15, 2020, the small claims court denied Bowlds' motion without holding a hearing. At a proceeding supplemental hearing in January 2020, Bowlds was ordered to pay ten dollars per week toward the judgment. Bowlds now appeals.

# Analysis

[10] We begin by noting that Neyenhaus has not filed an appellee's brief. When an appellee fails to submit a brief, we do not undertake the burden of developing arguments for the appellee, and we apply a less stringent standard of review. *Jenkins v. Jenkins*, 17 N.E.3d 350, 351 (Ind. Ct. App. 2014). We may reverse if the appellant establishes prima facie error, which is error at first sight, on first appearance, or on the face of it. *Id.* at 351-52. This rule relieves us of the burden of controverting arguments advanced in favor of reversal where that burden properly rests with the appellee. *Id.* at 352. We are obligated, however, to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Id.*

[11] We also note that Bowlds is proceeding pro se. "[A] pro se litigant is held to the same standards as a trained attorney and is afforded no inherent leniency simply by virtue of being self-represented." *Zavodnik v. Harper*, 17 N.E.3d 259, 266 (Ind. 2014). "An appellant who proceeds pro se is held to the same established rules of procedure that trained legal counsel is bound to follow and, therefore, must be prepared to accept the consequences of his or her action." *Perry v. Anonymous Physician 1*, 25 N.E.3d 103, 105 n.1 (Ind. Ct. App. 2014), *trans. denied*, *cert. denied*, 136 S. Ct. 227 (2015). Although we prefer to decide cases on their merits, arguments are waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors. *Id.* We will not become an advocate

for a party or address arguments that are inappropriate or too poorly developed or expressed to be understood. *Id.*

[12] Here, the small claims court entered default judgments against Bowlds in both Cause 187 and Cause 412 when Bowlds failed to appear for both hearings. Indiana Small Claims Rule 10(B) governs default judgments in small claims court proceedings and provides:

> (B) Default. If the defendant fails to appear at the time and place specified in the notice of claim, or for any continuance thereof, the court may enter a default judgment against him. Before default judgment is entered, the court shall examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that:
>
> > (1) Service of notice of claim was had under such circumstances as to establish a reasonable probability that the defendant received such notice;
> >
> > (2) Within the knowledge of those present, the defendant is not under legal disability and has sufficient understanding to realize the nature and effect of the notice of claim;
> >
> > (3) Either (a) the defendant is not entitled to the protections against default judgments provided by the Servicemembers Civil Relief Act, as amended (the "Act"), 50 U.S.C. appx. § 521, or (b) the plaintiff has filed with the court, subscribed and certified or declared to be true under penalty of perjury, the affidavit required by the Act (i) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (ii) if the plaintiff is unable to determine whether or not the

defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service; and

(4) The plaintiff has a prima facie case.

After such assurance, the court may render default judgment and, upon entering such judgment, shall assess court costs against the defendant.

(C) Setting Aside Default. Upon good cause shown the court may, within one year after entering a default judgment, vacate such judgment and reschedule the hearing of the original claim. Following the expiration of one year, the judgment debtor may seek a reversal of the original judgment only upon the filing of an independent action, as provided in Ind. R. Tr. P. 60(B).

Both of Bowlds' motions to set aside the default judgments were filed within a year of the default judgments. Accordingly, Bowlds was required to show good cause, and she was not required to file an independent action as provided in Indiana Trial Rule 60(B).

[13] The party moving to set aside the judgment has the burden to establish grounds for relief from default (i.e., "good cause"). *KOA Properties LLC v. Matheison*, 984 N.E.2d 1255, 1258 (Ind. Ct. App. 2013), *trans. denied*. In order to obtain relief, the movant must ordinarily establish, by affidavit or introduction of evidence at a hearing, a factual basis for relief and a meritorious defense. *Id.* The movant may, however, also meet its burden by showing that the default judgment should not have been granted in the first place. *Id.* Ultimately, the small claims

court's decision whether to set aside the default judgment is reviewed for an abuse of discretion, which will be found only where the court's action was clearly against the logic and effect of the circumstances or the court misinterpreted the law. *Id.*

### *I. Cause 187*

In Cause 187, Neyenhaus filed a small claims court notice of claim and alleged that Bowlds owed him $1,872.36 for:

> 1 day late fee of $7 for June rent. She owes $138.04 for June water bill, $148.32 for June Electric bill, Estimated $70 for June Gas Bill. Late fees for June utilities 25 days = $175. Estimated utilities for July $400, July rent $850. Late fees for 12 days July rent = $84.00 +/- any other damages and or payments once property has been inspected.

Appellant's App. Vol. IV p. 3. The small claims court scheduled a hearing for July 12, 2018. Bowlds, however, failed to appear at the hearing, and the small claims court entered a default judgment against Bowlds in the amount of $1,872.36 plus court costs. On May 13, 2019, Bowlds filed a motion to set aside the default judgment. At the August 20, 2019 hearing on the matter, however, Bowlds failed to appear, and the small claims court denied Bowlds' motion to set aside the default judgment.

Bowlds seems to argues that the small claims court failed to "examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that . . . [t]he plaintiff has a prima facie case."

Ind. Small Claims Rule 10(B). Bowlds, however, has not provided a transcript of the July 12, 2018 hearing and has failed to meet her burden of demonstrating that the small claims court neglected to follow Indiana Small Claims Rule 10(B).

[16] We also note that Bowlds then filed a motion to set aside the default judgment.[2] Citing Small Claims Rule 10(C) and Indiana Trial Rule 60(B)(8), Bowlds argued that she had a meritorious defense to Neyenhaus' claim; that she had possible counterclaims; that Cause 412 was based on the same lease and same damages as Cause 187; and that "the interests of equity are served by setting aside the default judgment. . . ." Appellant's App. Vol. IV p. 11. Bowlds, however, failed to appear at the August 20, 2019 hearing on her motion to set aside the default judgment despite being informed of the rescheduled hearing in person by the court staff. Given Bowlds' failure to appear, she failed to meet her burden of establishing good cause to set aside the default judgment. The small claims court did not abuse its discretion by denying Bowlds' motion to set aside the default judgment in Cause 187.

## II. Cause 412

[17] Neyenhaus filed a notice of claim on October 8, 2018, and alleged that Bowlds owed him $2,652.71 for "rent, late fees, utilities, and damages." Appellant's App. Vol. IV p. 6. At the August 20, 2019 hearing, Bowlds failed to appear,

---

[2] Bowlds was represented by counsel at this time.

and the small claims court entered a default judgment against Bowlds in the amount of $2,652.71 in Cause 412. On December 30, 2019, Bowlds filed a motion to set aside the default judgment in Cause 412 and alleged that: (1) court staff informed her that the hearing was set for 2:00 p.m. on August 20, 2019, when it was set for 1:30 p.m., and Bowlds arrived late; (2) Neyenhaus failed to comply with the statutory provisions regarding the return of deposits; (3) Bowlds had counterclaims against Neyenhaus; (4) Neyenhaus was claiming the same debts in Cause 412 that he was awarded in Cause 187; and (5) the interests of equity were served by setting aside the default judgment. Without conducting a hearing, the small claims court denied Bowlds' motion.

[18] Under Small Claims Rule 10(B), the small claims court was required to "examine the notice of claim and return thereof and make inquiry, under oath, of those present so as to assure the court that . . . [t]he plaintiff has a prima facie case." Ind. Small Claims Rule 10(B). The transcript of the August 20, 2019 hearing, however, does not demonstrate compliance with Small Claims Rule 10(B). During the short hearing, the following discussion occurred:

> THE PLAINTIFF: Yes, Your Honor.
>
> THE COURT: All right. We are here for a trial to the Court in SC-412. In that case I'll show that Ms. Bowlds fails to appear. Sir, you state that she owes you rent, late fees, utilities and damages in the amount of $2,652.71. Is that still the correct amount, sir?
>
> THE PLAINTIFF: Yes, it is, Your Honor.

THE COURT: All right. Has she vacated the premises?

THE PLAINTIFF: Yes.

THE COURT: A11 right. So I'll show a default judgment in the amount of $2,652.71 plus court costs. Anything else on that case, sir?

THE PLAINTIFF: No.

Tr. Vol. II p. 21.

[19] There is no indication from the record that Neyenhaus was under oath or that an inquiry was made to assure Neyenhaus had a prima facie case. This is especially concerning because Bowlds had alleged that the damages in Cause 412 were repetitive of the damages awarded in Cause 187, and Neyenhaus' notice of claim did not itemize the $2,652.71 in damages. In fact, Bowlds made these allegations regarding the repetitive damages in her motion to set aside the default judgment in Cause 187, which was scheduled for hearing at the same time that the small claims court entered default judgment in Cause 412. Bowlds later alleged again in her motion to set aside the default judgment in Cause 412 that the damages were repetitive. The small claims court, however, denied Bowlds' motion without a hearing.

[20] We conclude that the small claims court erred by entering default judgment in favor of Neyenhaus in Cause 412 without first making inquiry so as to assure the court that Neyenhaus had a prima facie case as contemplated by Small

Claims Rule 10(B). Moreover, by denying Bowlds' motion without conducting a hearing, Bowlds was denied the opportunity to "establish, by affidavit or introduction of evidence at a hearing, a factual basis for relief and a meritorious defense." *KOA Properties*, 984 N.E.2d at 1258. Accordingly, we conclude that the small claims court abused its discretion by ordering a default judgment and by denying Bowlds' motion to set aside the default judgment in Cause 412. *See, e.g., Rosenberg v. Robinson*, 38 N.E.3d 693, 701 (Ind. Ct. App. 2015) (reversing the denial of a motion to set aside a default judgment in small claims court where the small claims court erred by entering default judgment without first making inquiry so as to assure the court that the plaintiff established a prima facie case under Small Claims Rule 10(B)).

## Conclusion

[21] The small claims court did not abuse its discretion by ordering a default judgment and denying Bowlds' motion to set aside in Cause 187. The small claims court, however, abused its discretion by ordering a default judgment and denying Bowlds' motion to set aside in Cause 412. Accordingly, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

[22] Affirmed in part, reversed in part, and remanded.

Kirsch, J., and Pyle, J., concur.